Lugo, Appellant, *v.* The Registrar of Humacao, Respondent,

Appeal from a Decision of the Registrar of Property Denying Admission to Record of a Possessory Title.

No. 225.—Decided April 17, 1915.

Possessory Title Proceedings—Record of Title—Conflicting Records—Cautionary Notice.—In accordance with the provisions of article 393 of the Mortgage Law, if the registrar, before recording an estate or interest by virtue of possessory title proceedings, should find any uncanceled record of

acquisition of ownership or possession which is in contradiction with the fact of the possession as established by the judicial proceedings, he shall suspend the record, enter a cautionary notice, if the person interested should request it, and forward a copy of the record to the judge who may have approved the proceedings so that he may affirm or revoke the order of approval, informing the registrar thereof for his proper action.

ID.—ADMINISTRATIVE APPEAL—CONSTRUCTION OF LAW.—Article 393 of the Mortgage Law is not in conflict with sections 1 and 2 of the Act of March 1, 1902, providing for appeals from the decisions of registrars.

ID.—CONFLICTING RECORDS.—NOTICE.—Although the registrar does not forward a copy of the conflicting record to the judge who approved the proceedings, if he informs the interested party of his decision by returning the papers together with said copy, such omission does not prejudice said party, for he or his attorney can apply to the judge with the papers for due compliance with the provisions of article 393 of the Mortgage Law.

The facts are stated in the opinion.

The appellant appeared *pro se.*

Mr. Miguel Planellas, the registrar, appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 11 of the present year José Lugo y Calzada instituted proceedings in the Municipal Court of Fajardo to prove the possession of 32 *cuerdas* of land situated in the ward of Sabana of the municipal district of Luquillo, of which he had acquired 26 *cuerdas* from the spouses Juan de Mata Rosado and Guadalupe Corsino Narváez by purchase and the remaining six from Simplicia Cruz, also by purchase.

By its decision of February 2 following, the municipal court approved the proceeding and ordered its record in the registry without prejudice to persons having superior rights, for which purpose the original record of the proceedings was to be delivered to the interested party.

The registrar recorded the six *cuerdas,* but refused to record the other 26 *cuerdas* for the reasons stated in the following decision:

The foregoing possessory title is admitted to record only as to the six *cuerdas* which the applicant purchased from Simplicia Cruz, on the reverse side of page 168 of volume 7 of Luquillo, property No. 345, record 2. The record of the property of 26 *cuerdas* purchased from Juan de Mata Rosado and his wife, which appears re-

corded in the name of the former, is suspended in conformity with
the provisions of the second paragraph of article 393 of the Mort-
gage Law, until the Municipal Court of Fajardo, after consider-
ing the accompanying copy of the record in the name of the said
Juan de Mata Rosado and after summoning and hearing the inter-
ested parties, Juan de Mata Rosado and his wife, may affirm or
revoke the order of approval of the said proceedings. In the mean-
time a cautionary notice is entered in ·the volume and on the page
referred to above, entry A.''

The registrar communicated the above decision to José
Lugo Calzada by a letter mailed to him on February 25 ac-
companied by the original papers and a copy of the entry
which prompted the suspension of the record in order that
he might apply to the court for the purpose indicated in the
decision. Lugo Calzada filed the said papers in the office
of the secretary of this court on March 15 last, accompanied
by a brief praying the court to affirm or reverse the decision
of the registrar of property, alleging in behalf of his rights
that the registrar had failed to comply with the provisions
of sections 1 and 2 of the Act providing for appeals from
the decisions of registrars of property.

The decision appealed from conforms to the provisions
of article 393 of the Mortgage Law, which provides, among
other things, that if the registrars, before recording any
estate or interest by virtue of possessory title proceedings,
should find any uncanceled record of acquisition of owner-
ship or possession which is in contradiction with the fact
of the possession as established by the judicial proceedings,
they shall suspend the record, enter a cautionary notice, if
the person interested should request it, and forward a copy
of the record to the judge who may have approved the pro-
ceedings so that after citation and hearing of the person
who, according to said entry, may have an interest in the real
property, the judge shall affirm or revoke the order of ap-
proval, informing the registrar, in either event, of the deci-
sion rendered in order that he may make the record or can-
cel the cautionary notice accordingly.

The entry of possession of the 26 *cuerdas* of land made in the Registry of Property of Humacao in the name of Juan de Mata Rosado on April 23, 1897, had not been canceled in the registry, but would have been canceled if the record of possession of the same land had been made in the name of José Lugo Calzada. No question has been raised as to the identity of the land.

Article 393 of the Mortgage Law is not in conflict with sections 1 and 2 of the Act of March 1, 1902, providing for appeals from the decisions of registrars of property, as a simple perusal will show; and although the Registrar of Property of Humacao transmitted the said documents to José Lugo Calzada instead of communicating his decision to the interested party so that he might call for them, or if not, of sending them himself to the court for the purposes of the appeal, Lugo Calzada has not been prejudiced thereby. On the contrary, regarding himself as notified by the receipt of the documents he duly took the appeal allowed by law from the decision of the registrar.

It is true that the registrar did not forward a copy of the conflicting entry of record to the Municipal Judge of Fajardo who approved the proceedings, as is prescribed by article 393, but neither did this omission injure the appellant, for he could apply to the said municipal judge with the papers which had been sent to him for due compliance with the provisions of the said article.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.